**William S. LEE, Plaintiff/Appellant,**

v.

**Von HALL, Brenda Hall, and Mid–South Bank & Trust Company, Defendants/Appellees.**

Court of Appeals of Tennessee, Middle Section, at Jackson.

March 14, 1990.

Permission to Appeal Denied by Supreme Court June 4, 1990.

James W. Dempster, McMinnville, Robert J. Batson, Jr., Chattanooga, for plaintiff/appellant.

Robert W. Newman, McMinnville, for defendants/appellees Von Hall and Brenda Hall.

Thomas O. Bratcher, McMinnville, for defendant/appellee Mid–South Bank & Trust Co.

## OPINION

KOCH, Judge.

This appeal involves the res judicata effect of a judgment defining the rights and liabilities of the co-makers of a promissory note. The co-maker who paid the note when it became due filed an action in the Chancery Court for Warren County based on an earlier judgment that both parties were liable on the note. The trial court heard the case without a jury and held

that, notwithstanding its earlier judgment, the co-maker who paid the note was not entitled to contribution from the other co-maker. The paying co-maker has appealed, asserting that the trial court's first judgment should have foreclosed the contribution question.

## I.

William S. Lee owns a grocery business in McMinnville known as JEBS. In late 1986, Mr. Lee decided to let one of his employees, Von Hall, buy into the business. The two men agreed that they would form either a partnership or a corporation, and Mr. Hall agreed that he would execute a $150,000 note as consideration for his interest in the business.

Mr. Hall never executed the note. However, on December 9, 1986, before their corporation or partnership could be formed, Mr. Lee and Mr. Hall borrowed $50,000 from the Mid–South Bank & Trust Company ("Mid–South") to obtain additional merchandise for the Christmas season. They signed the note as co-makers and secured it by pledging JEBS' inventory and by obtaining their wives' personal guaranties.

The business arrangement was short-lived. Mr. Lee and Mr. Hall had several disagreements, and Mr. Hall left the store in May, 1987. Shortly thereafter, Mr. Lee sued Mr. Hall to establish their respective liabilities in the failed venture. On August 27, 1987, the trial court entered an order finding that the contemplated partnership or corporation was never formed and that both Mr. Hall and his wife were liable "as signers" on the Mid–South note. See *Lee v. Hall*, No. 4342 (Order filed August 27, 1987). Neither Mr. Hall nor his wife appealed from this decision.

Mid–South demanded payment from Mr. Hall and Mr. Lee when the note came due in December, 1987. Mr. Hall refused to pay the note until the bank exhausted the other collateral for the loan. Mr. Lee filed a second action seeking to establish Mr. Hall's liability on the note. He also paid the entire amount due on the note into court and requested the trial court to require contribution from Mr. Hall for his share of the debt. The trial court ordered the money to be paid over to Mid–South but declined to require contribution from Mr. Hall because it concluded that Mr. Hall was not liable on the note until after JEBS' inventory was used to satisfy the note.

## II.

Mr. Lee's primary contention is that the doctrine of res judicata should have prevented Mr. Hall from relitigating the question of his liability on the Mid–South note. We agree. The judgment in the first suit between the parties foreclosed this issue.

The doctrine of res judicata bars a second suit between the same parties on the same cause of action with regard to all issues that were or could have been litigated in the former suit. *Massengill v. Scott*, 738 S.W.2d 629, 631 (Tenn.1987); *Gibson Lumber Co. v. Neely Coble Co.*, 651 S.W.2d 232, 233–34 (Tenn.Ct.App.1983). It is based on the public policy favoring finality in litigation and does not depend upon correctness or fairness, as long as the underlying judgment is valid. *Moulton v. Ford Motor Co.*, 533 S.W.2d 295, 296 (Tenn.1976); *State of Tennessee Dept. of Human Servs. v. Gouvitsa*, 735 S.W.2d 452, 457 (Tenn.Ct.App.1987).

■ In order to be successful, a party asserting a res judicata defense must demonstrate: (1) that the underlying judgment was rendered by a court of competent jurisdiction; (2) that the same parties were involved in both suits; (3) that the same cause of action was involved in both suits; and (4) that the underlying judgment was on the merits. *Hutcheson v. TVA*, 604 F.Supp. 543, 550 (M.D.Tenn.1985); 22 Tenn. Juris. *Res Judicata* §§ 8–11 (1985).

■ All the ingredients for a successful res judicata defense are present in this case. The trial court had jurisdiction over Mr. Lee's first suit against Mr. Hall. *See* Tenn.Code Ann. §§ 16–11–102, 16–10–106 (1980). Both cases involved the same parties and the same issue—Mr. Hall's liability of the Mid–South note. Finally, the trial court rendered a final judgment on the merits from which no appeal was taken.

Mr. Hall insists, however, that the trial court's judgment in the underlying case

was ambiguous and that the judgment in the second suit merely clarified the first judgment. The record does not bear Mr. Hall out. The trial court held in its first judgment that Mr. Hall and his wife were liable to Mid–South "as signers" of the note. In ruling from the bench, the trial judge told Mr. Hall's lawyer that Mr. Hall would be entitled to contribution from Mr. Lee if Mr. Hall were required to pay the note.[1] This colloquy establishes that, in addition to the parties' liability to Mid–South, the issue of the parties' contribution rights were actually raised and disposed of in the first case. Thus, the entry of the underlying judgment precluded the relitigation of the issue.[2]

### III.

Mr. Lee also takes issue with the trial court's decision to release the judgment lien for the "discovery court reporting expenses" he incurred in the first case. While this issue was originally not part of the second case, Mr. Lee's counsel injected it into the trial during cross-examination of Mr. Hall. Mr. Lee is now bound by Mr. Hall's answers.

During the second trial, Mr. Lee's lawyer attempted to impeach Mr. Hall's credibility by cross-examining him concerning his compliance with the order in the first case requiring him to pay Mr. Lee's court reporting expenses. Mr. Hall testified that he asked the court reporter used in the first case to tell him how much he owed her and that he paid her "everything she said I was to pay her." Mr. Lee offered no proof rebutting this testimony or showing that his actual court reporting expenses exceeded what Mr. Hall had paid to the court reporter.

We find that this issue was tried by consent and that there is ample proof in the record to conclude that Mr. Hall has paid Mr. Lee's "discovery court reporting expenses" from the first case. Accordingly, there is no basis for vacating the portion of the trial court's order directing that the Lees' judgment lien from the first case be released.

### IV.

Based on the foregoing, we find that Mr. Lee and Mr. Hall are both primarily liable on the Mid–South note and that Mr. Lee is entitled to contribution from Mr. Hall for one half of whatever amount he has paid or will pay to Mid–South to satisfy their joint indebtedness. Therefore, we vacate the portion of the judgment finding that Mr. Lee is not entitled to contribution from Mr. and Mrs. Hall. Likewise, we vacate the finding that the Halls are only secondarily liable to Mid–South for the unpaid interest on the note. The remaining provisions of the judgment regarding Mid–South's legal expenses and the costs are affirmed.

The case is remanded to the trial court for further proceedings consistent with this opinion. The costs of the appeal are taxed in equal proportions to William S. Lee and to Von and Brenda Hall and their respective sureties for which execution, if necessary, may issue.

TODD, P.J., and CANTRELL, J., concur.

1. After the trial court announced its decision, Mr. Hall's lawyer asked, "Your Honor, on that $50,000 note, if the Defendant Hall has to pay it, he may have a judgment over and against the ....." The trial court responded, "[f]or half of it. There is no question about that."

2. Parenthetically, the trial court's decision in the first case was correct. The essential test of an accommodation party's status is the purpose for which the party signed the instrument. *Commerce Union Bank v. Davis*, 581 S.W.2d 142, 144 (Tenn.Ct.App.1978). A party who benefits directly from a note is not an accommodation party. *Riceville Bank v. Armstrong*, 741 S.W.2d 331, 333 (Tenn.Ct.App.1987). The parties were operating the business together when they signed the note. Mr. Hall benefited directly from the note and offered no proof that he was merely lending his name to Mr. Lee when he signed the Mid–South note. *See* Tenn.Code Ann. § 47–3–415(1) (1979). Likewise, Mr. Hall introduced no proof that the parties agreed among themselves or with Mid–South that his liability on the note was contingent on Mid–South's first proceeding against the other collateral.