IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS APRIL 21, 2009

# ROBERT EDWARDS, ET AL. V. CITY OF MEMPHIS

**Direct Appeal from the Chancery Court for Shelby County**
**No. CH-05-1880-3, Arnold Goldin, Chancellor**

_____

**No. W2007-02449-COA-R3-CV - Filed July 27, 2009**

_____

The Charter of the City of Memphis provided for automatic promotion of police officers to the rank of captain after thirty years of service. In 2005, the rank of thirty-year captain was abolished, except for pension purposes. Plaintiffs, police officers with the City of Memphis, filed suit stating that they had been denied promotions to which they were entitled under the Charter, and asking the court to require that such promotions be given. The trial court dismissed Plaintiffs' claim, finding that the suit was barred under the doctrine of res judicata. Plaintiffs appeal. We reverse.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Reversed**

ALAN E. HIGHERS, P.J.,W.S., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Robert A. Wampler, Memphis, TN, for Appellants

Elbert Jefferson, Jr., City Attorney, Gerald L. Thornton, Senior Assistant City Attorney, Memphis, TN, for Appellee

## OPINION

### I. FACTS & PROCEDURAL HISTORY

Robert Edwards, Paul Keating, Jeff Todd, Ken Roach, Jimmie L. Daniels, Otis Anderson, Jr., and Harrison Garrison (collectively the "Plaintiffs") have been employed as officers with the City of Memphis Police Department for over thirty years. Each is employed below the rank of captain. Section 67 of the Charter of the City of Memphis provided:

> Any fireman or policeman, who shall have served the City of Memphis for a period of thirty (30) years, either continuously or intermittently, shall, at the expiration of said thirty years, automatically be promoted to the rank of captain of the fire division or captain of the police division, with all the salary, emoluments and other privileges of said rank; and, upon the retirement of such fireman or policeman, he shall receive a pension as captain.

> Automatic promotion to the rank of captain in either the fire service or the police division as set out in the above paragraph shall not apply to any person employed by the city after the date of January 31, 1979.[1]

In a letter, dated February 18, 2005, the City of Memphis ("City") stated that "[e]ffective February 25, 2005, the rank of 30-year captain [would] be abolished, except for pension purposes."[2]

On October 13, 2005, Plaintiffs filed a Petition for Writ of Mandamus in the Shelby County Chancery Court. The petition stated that Plaintiffs had been denied promotion to captain despite meeting the Charter's service requirement, and it asked the court to require the City to promote the Plaintiffs "to the rank of captain or the present equivalent rank effective on the anniversary date of each [Plaintiff's] completion of thirty (30) years of service with the Memphis Police Department along with the salary of such rank, and all emoluments and other privileges of such rank." Additionally, Plaintiffs sought damages including "lost salary, accumulated time, vacation time, deferred comp time, and pension benefits."

The City filed a Memorandum in Support of Motion to Dismiss Petition for Mandamus, in Alternative, Motion for Summary Judgment.[3] Subsequently, the City filed an Amended Motion to Dismiss or, Alternatively, for Summary Judgment, claiming that Plaintiffs failed to state a claim upon which relief could be granted.

---

[1] Plaintiffs claim that they were employed with the City prior to 1979.

[2] The City claims that the abolition was necessary due to a budget shortfall. It further claims that thirty-year captains were given the choice to either continue their employment in the last rank held immediately preceding promotion to captain, with a captain's pension upon retirement, or to retire immediately.

[3] It appears that the motion, itself, was not filed.

On April 10, 2007, the City filed a Motion to Transfer, seeking to transfer the case to Part II of the Shelby County Chancery Court. The City claimed that "the facts surrounding th[e] suit ha[d] been previously litigated in Part II of Chancery Court, [in] Williams v. City of Memphis, Chancery Court Docket Number CH-05-0421-3." On May 8, 2007, an Order of Transfer was entered.

On June 3, 2007, a hearing was held on the City's Amended Motion to Dismiss. Thereafter, on October 10, 2007, the trial court entered an Order granting the City's motion to dismiss. The order stated

> it appears to the Court that this Court's decision[s] in the case[s] of Gillespie, et al v. City of Memphis, et al[,][4] Shelby Chancery Number CH-00-887-2 and [Williams v. City of Memphis,][5] CH-05-0421-3 are controlling and that the Motion to Dismiss should be granted on the basis of res judicata as to the decision in the Gillespie case.

Plaintiffs filed a Notice of Appeal on October 25, 2007. On April 7, 2008, Plaintiffs filed a motion to supplement the trial record with "the cases cited in the Order of Dismissal[.]" This Court denied the Plaintiffs' motion, as we were unable to determine the relief sought. Plaintiffs then filed a second motion to supplement the record, seeking to supplement the record with the trial records of *Gillespie v. City of Memphis* and *Williams v. City of Memphis*.[6] Because we were unable to determine whether the relief requested by the Plaintiffs would result in an appellate record which

---

[4] In *Gillespie*, approximately sixty-three officers of the Memphis Police Department, employed as either captains or majors, filed suit against the City of Memphis. The officers sought, among other things, a declaratory judgment that the City had violated the Charter and an injunction preventing the abolishment of the rank of captain. Additionally, they claimed that the City had created a new, de facto rank within the department–an "executive major"–which was not authorized by the Charter, and they sought an order enjoining the rank's use. The trial court entered an Order denying the officers' request for an injunction to enjoin the City from abolishing the rank of captain. The court stated that "Plaintiffs do not enjoy a likelihood of success on the merits, and therefore do not satisfy their burden for the issuance of a temporary injunction." The resolution of this issue apparently was not appealed. Thereafter, the trial court found that the City had created an unauthorized rank and enjoined its use; however, it denied the officers' claims for monetary relief. **Gillespie v. City of Memphis**, No. W2007-01786-COA-R3-CV, 2008 WL 2331027, at *1 (Tenn. Ct. App. June 5, 2008) *reh'g denied* (Aug. 15, 2008). On appeal, this Court vacated as moot the trial court's injunction and declaratory judgment, as the City abolished the "executive major" rank prior to trial, and we affirmed the trial court as to damages. **Id.** at *5, 11.

[5] In *Williams*, approximately sixty-one police officers who were promoted to the rank of captain pursuant to the Charter of the City of Memphis brought suit against the City of Memphis. The officers sought an injunction prohibiting the City from "failing to furnish 30-year Captains with all of the salary, emoluments and other privileges of that rank[.]" The trial court denied the officers' application for injunctive relief, again finding that they did "not enjoy a likelihood of success on the merits[.]" Subsequently, the parties entered a consent order dismissing the suit without prejudice.

[6] Although the Plaintiffs' prayer for relief asked only that the record be supplemented with the *Gillespie* case, Plaintiffs' motion noted that "The Order Granting the Dismissal cites two (2) Shelby Chancery cases as a basis for the dismissal, [] Gillespie, et al vs. City of Memphis, et al Shelby County Chancery Number CH-00-887-2 and [Williams v. City of Memphis,] CH-05-0421-3."

conveyed an accurate and complete account of what transpired in the trial court, we remanded the matter to the trial court. On September 26, 2008, the trial court entered an Order supplementing the record with the records from the cases of *Gillespie v. City of Memphis*, Shelby Chancery Number CH-00-887-2, and *Williams v. City of Memphis*, Shelby Chancery Number CH-05-0421-3.

## II. ISSUES PRESENTED

Plaintiffs have timely filed a notice of appeal and present the following issue for review:

1.    Whether the trial court erred by granting [the City's] Motion to Dismiss on the basis of res judicata.

For the following reasons, we reverse the decision of the chancery court and remand for further proceedings.

## III. STANDARD OF REVIEW

"A trial court's decision that a subsequent lawsuit is barred by principles of res judicata presents a question of law which this court reviews de novo." *In re Estate of Boote*, 198 S.W.3d 699, 719 (Tenn. Ct. App. 2005) (citing *Tareco Props., Inc. v. Morriss*, No. M2002-02950-COA-R3-CV, 2004 WL 2636705, at *12 n.20 (Tenn. Ct. App. Nov. 18, 2004); *Morris v. Esmark Apparel, Inc.*, 832 S.W.2d 563, 566 (Tenn. Ct. App. 1991)).

## IV. DISCUSSION

### A. Res Judicata

"'The doctrine of res judicata bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit.'"[7] *Richardson v. Tenn. Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995) (quoting *Goeke v. Woods*, 777 S.W.2d 347, 349 (Tenn. 1989)). A party asserting the defense of res judicata must show: "(1) a court of competent jurisdiction rendered the prior judgment, (2) the prior judgment was final and on the merits, (3) the same parties or their privies were involved in both proceedings, and (4) both proceedings involved the same cause of action." *Graham v. Walldorf Prop. Mgmt.*, No. E2008-00837-COA-R3-CV, 2009 WL 723837, at *4 (Tenn. Ct. App. Mar. 19, 2009) (citing *Lee v. Hall*, 790 S.W.2d 293, 294 (Tenn. Ct. App. 1990)).

---

[7] Res judicata (claim preclusion) is very similar to collateral estoppel (issue preclusion). Res judicata bars litigation of a second suit involving the same parties and the same cause of action. *Richardson*, 913 S.W.2d at 459 n.11 (citing *Massengill v. Scott*, 738 S.W.2d 629, 631 (Tenn. 1987)). Collateral estoppel prevents the same parties from relitigating issues, in a different suit, which were determined in a prior suit. *Id.*

"The primary purposes of the doctrine are to promote finality in litigation, prevent inconsistent or contradictory judgments, conserve legal resources, and protect litigants from the cost and vexation of multiple lawsuits." *Creech v. Addington*, --- S.W.3d ----, 2009 WL 838102, at *10 (Tenn. 2009) (citing *Moulton v. Ford Motor* Co., 533 S.W.2d 295, 296 (Tenn. 1976) ("[R]es judicata is not based upon any presumption that the final judgment was right or just. Rather, it is justifiable on the broad grounds of public policy which requires an eventual end to litigation."); *Jordan v. Johns*, 168 Tenn. 525, 79 S.W.2d 798, 802 (Tenn. 1935) ("[P]ublic policy dictates that litigation should be determined with reasonable expedition, and not protracted through inattention and lack of diligence on the part of litigants or their counsel."); Sweatt *v. Tenn. Dep't of Corr.*, 88 S.W.3d 567, 570 (Tenn. Ct. App. 2002)). "Res judicata promotes judicial economy and the policy of favoring reliance on final judgments by minimizing the possibility of inconsistent decisions." *Mesfin v. Crutchfield*, No. M2007-01327-COA-R3-CV, 2008 WL 2894701, at *4 (Tenn. Ct. App. July 25, 2008) *petition to rehear denied* (Sept. 16, 2008) (citing *Gerber v. Holcomb*, 219 S.W.3d 914, 918 (Tenn. Ct. App. 2006)). "The doctrine of res judicata protects litigants and society from the expense and annoyance of interminable litigation about the same matter." *Id.* (citing *Joiner v. Carter*, No. M2003-02248-COA-R3-CV, 2007 WL 1860706, at *3 (Tenn. Ct. App. June 27, 2007)). "Res judicata is designed to give every litigant one, but only one, day in court." *Id.* at *2 (citing *Batey v. D.H. Overmyer Warehouse Co.*, 60 Tenn. App. 310, 318, 446 S.W.2d 686, 689 (Tenn. Ct. App. 1969)). Essentially, a plaintiff is entitled only to one bite at the apple, and res judicata ensures that he may not relitigate the same claim in hopes of a better result. *Id.* (citing *Joiner*, 2007 WL 1860706, at *3; *Gerber*, 219 S.W.3d at 918).

On appeal, Plaintiffs argue that the trial court erred in finding that their claim was barred under the doctrine of res judicata. Specifically, Plaintiffs contend that they were not in privity with the plaintiffs in *Gillespie* or *Williams*, and they also claim that neither *Gillespie* nor *Williams* was a final judgment.

### 1. Privity

As we stated above, the party claiming the defense of res judicata must show, among other things, that "the same parties or their privies were involved in both proceedings[.]" *Graham*, 2009 WL 723837, at *4. "The words 'privy' and 'privity' do not necessarily have the same meaning in the context of res judicata as they do in the context of contractual relationships." *Acuity v. McGhee Eng'g, Inc.*, No. M2007-02821-COA-R3-CV, 2008 WL 5234743, at *14 (Tenn. Ct. App. Dec. 15, 2008) (citing *Putnam Mills Corp. v. United States*, 479 F.2d 1334, 1340 (Ct. Cl. 1973)). In the context of res judicata, the term "privity" does not denote relationships between the parties themselves, but rather concerns a shared "'identity of interests relating to the subject matter of the litigation[.]'" *Id.* (quoting *Carson v. Challenger Corp.*, No. W2006-00558-COA-R3-CV, 2007 WL 177575, at *3 n.3 (Tenn. Ct. App. Jan. 25, 2007)); *see also State ex rel. Cihlar v. Crawford*, 39 S.W.3d 172, 180 (Tenn. Ct. App. 2000) ("Privity connotes an identity of interest, that is, a mutual

or successive interest to the same rights.") (citations omitted). The existence of privity depends upon the facts of each case. *Id.* (citing *Cihlar*, 39 S.W.3d at 181). "[T]he res judicata defense can be defeated in an action when the parties are not the same." ***Carson***, 2007 WL 177575, at *2 (citing *Shell v. Law*, 935 S.W.2d 402, 408 (Tenn. Ct. App. 1996)).

The City's entire argument concerning privity, quoted from its brief, is as follows:

> [Plaintiffs] . . . were in privity with the other Plaintiffs. Privity "requires a mutual or successive relationship to the same rights of property" and privity existed amongst the similarly situated police officers. Richardson v. Tennessee Bd. of Dentistry, 913 S.W.2d 446, 459 (Tenn. 1995). Therefore, the requirements for dismissal on the basis of res judicata have been met.

The City's argument fails to explain *how* the Plaintiffs in the instant case shared a "successive relationship to the same rights of property[,]" with the plaintiffs in the *Williams* and *Gillespie* cases. The instant case involved a petition for writ of mandamus. The *Gillespie* case sought a declaratory judgment and an injunction against the creation of a new rank styled "executive major," which the city later abolished. In *Williams*, the plaintiffs sought to enjoin the city from failing to furnish 30-year captains with all the benefits provided under the charter, but the case was concluded upon entry of a consent order dismissing the suit without prejudice. Therefore, we find that the City has failed to meet its burden of proving the existence of privity between the parties, such that the instant case was barred under the doctrine of res judicata.

## V. CONCLUSION

For the aforementioned reasons, we reverse the decision of the chancery court and remand for further proceedings. All remaining issues are pretermitted. Costs of this appeal are taxed to Appellee, the City of Memphis, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.