FILED
06/23/2017
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 24, 2017 Session

## THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY v. DELINQUENT TAXPAYERS AS SHOWN ON THE 2006 REAL PROPERTY TAX RECORDS ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 08-572-I      Claudia Bonnyman, Chancellor**

_____

### No. M2016-02220-COA-R3-CV

_____

Delinquent taxpayer appeals the denial of his Tenn. R. Civ. P. 60.02(3) motion to set aside a 2009 final decree confirming a tax sale of his property as void on due process grounds. Having determined that the doctrine of collateral estoppel precluded the delinquent taxpayer from relitigating the issue of notice, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which RICHARD H. DINKINS and W. NEAL MCBRAYER, JJ., joined.

Lucien Worsham, Nashville, Tennessee, Pro Se.

Catherine Jane Pham, Nashville, Tennessee, for the appellee, Metropolitan Government of Nashville and Davidson County.

### OPINION

The Metropolitan Government of Nashville and Davidson County ("Metro") commenced this action against Lucien Worsham and other taxpayers on March 7, 2008, to collect delinquent taxes owed for 2006. As relevant on appeal, Metro sought to collect delinquent taxes on real property owned by Lucien Worsham located at 1000 West Cahal Avenue in Nashville, Davidson County, Tennessee (hereinafter "the property").

It is undisputed that Mr. Worsham never paid taxes on the property. To satisfy the delinquent taxes owed to Metro, the property was sold by order of the Davidson County Chancery Court at a delinquent tax sale on December 10, 2008. The high bidder for the property was Davidson Pabts, LLC ("Pabts"), and a final decree confirming the sale to

Pabts was entered on March 13, 2009, and duly recorded in the Register's Office for Davidson County, Tennessee, on April 9, 2009.

In October 2013, Pabts filed an action against Mr. Worsham to quiet title to the property. As he is attempting to do here, Mr. Worsham challenged the validity of the tax sale on due process grounds. Pabts prevailed at trial and on appeal in establishing that it possessed sole title to the property. *Davidson Pabts, LLC v. Worsham*, No. M2014-01061-COA-R3-CV, 2015 WL 4115174, at *6 (Tenn. Ct. App. May 18, 2015), *appeal denied* (Tenn. Sept. 17, 2015).[1]

Six years after the final decree confirming the tax sale was entered by the trial court in the first action, Mr. Worsham filed the motion at issue in this appeal. As he had done in the action to quiet title, Mr. Worsham contended the 2009 decision was "void for lack of personal jurisdiction due to constitutionally inadequate notice." In his Rule 60.02(3) motion, Mr. Worsham also repeated the claim that he never received notice of the delinquent tax suit, the impending sale of his property, or the final decree confirming the sale to Pabts.

In response to the Rule 60.02(3) motion, Metro insisted that Mr. Worsham's motion should be denied because, *inter alia*, he had previously litigated the issue of notice in the action to quiet title and received an unfavorable adjudication, which was affirmed by this court's ruling in *Davidson Pabts, LLC v. Worsham*. Metro argued that Mr. Worsham, through his Rule 60.02(3) motion, was seeking to evade this court's previous ruling in *Davidson Pabts, LLC v. Worsham* affirming the trial court's judgment quieting title to the property in favor of Pabts.

Following a hearing on the Rule 60.02(3) motion, the trial court entered an order denying Mr. Worsham's request to set aside the tax sale on grounds that Mr. Worsham's claims were barred by the doctrine of res judiciata. The trial court's order reads in pertinent part as follows:

> Davidson Pabts, LLC filed a quiet title action related to this property, which Mr. Worsham defended. Black's Law Dictionary defines a quiet title action as "a proceeding to establish a plaintiff's title to land by compelling the adverse claimant to establish a claim or be forever estopped from asserting it." The Court of Appeals has already decided that good title was transferred to Davidson Pabts, LLC even though Mr. Worsham was not aware that the tax sale occurred. Any claim Mr. Worsham may have against

---

[1] We need not discuss in detail the underlying facts of the quiet title action as they have been discussed in detail in this court's opinion in *Davidson Pabts, LLC v. Worsham*, No. M2014-01061-COA-R3-CV, 2015 WL 4115174, at *6 (Tenn. Ct. App. May 18, 2015), *appeal denied* (Tenn. Sept. 17, 2015).

Davidson Pabts, LLC is now forever barred, and there is no remedy this Court can provide Mr. Worsham.

At this time, Metro no longer has a lien on the property and has no power related to the title. Metro transferred title to Davidson Pabts, LLC as a result of the tax sale, so they are the only party from which Mr. Worsham can regain title. Because Mr. Worsham's true controversy is with Davidson Pabts, LLC, they are a necessary party to this action. The Court of Appeals analyzed Mr. Worsham's due process argument and determined that Metro's efforts to notify him of the pending tax sale were reasonable under the circumstances. The Court of Appeals made findings of fact and conclusions of law, which this Court must respect. Mr. Worsham's claims against Davidson Pabts, LLC are barred by the doctrine of res judicata.

It is from this order that Mr. Worsham now appeals.

## STANDARD OF REVIEW

As relevant here, Rule 60.02 provides that on motion and upon such terms as are just, the court may relieve a party from a final judgment or order if the judgment is void. Tenn. R. Civ. P. 60.02(3). Decisions regarding a request for relief based on Rule 60.02 grounds are generally within the discretion of the trial court. *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993); *Discover Bank v. Morgan*, 363 S.W.3d 479, 487 (Tenn. 2012). We review discretionary decisions pursuant to the "abuse of discretion" standard of review. *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010). The abuse of discretion standard does not permit reviewing courts to substitute their discretion for the trial court. *Id.* Nevertheless, the abuse of discretion standard of review does not immunize a lower court's decision from any meaningful appellate scrutiny. *Id.* When reviewing a discretionary decision, the appellate court is to determine, where applicable, whether there is a factual basis for the decision in the record, whether the court correctly identified and properly applied the relevant legal principles, and whether the decision is within the range of acceptable alternative dispositions. *Id.* at 525.

## ANALYSIS

Mr. Worsham raises two issues for our consideration; however, the dispositive issue in this appeal is whether Mr. Worsham was precluded from challenging the validity of the tax sale on due process grounds.

As noted earlier, the trial court denied the Rule 60.02(3) motion based on the doctrine of res judicata, which is a claim preclusion doctrine. We have determined that

the trial court reached the correct result; however, the motion should have been denied based on collateral estoppel, which is also a claim preclusion doctrine.[2] Although they both promote finality in litigation in order to conserve judicial resources and to relieve litigants from the cost and vexation of multiple lawsuits, they have different essential elements. *See Napolitano v. Bd. of Prof'l Responsibility*, --- S.W.3d ----, No. M2016-00869-SC-R3-BP, 2017 WL 2265593, at *11 (Tenn. May 24, 2017); *see also Bowen ex rel. Doe v. Arnold*, 502 S.W.3d 102, 107 (Tenn. 2016). Thus, for purposes of clarity, we find it appropriate to differentiate the preclusion doctrines of res judicata and collateral estoppel.

The doctrine of res judicata bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit." *Napolitano*, 2017 WL 2265593, at *11 (quoting *Creech v. Addington*, 281 S.W.3d 363, 376 (Tenn. 2009) (citing *Massengill v. Scott*, 738 S.W.2d 629, 631 (Tenn. 1987)). "The primary purposes of the doctrine are to promote finality in litigation, prevent inconsistent or contradictory judgments, conserve legal resources, and protect litigants from the cost and vexation of multiple lawsuits." *Creech*, 281 S.W.3d at 376 (citing *Sweatt v. Tenn. Dep't of Corr.*, 88 S.W.3d 567, 570 (Tenn. Ct. App. 2002)). The party asserting a defense predicated on res judicata must demonstrate:

> "The party asserting a defense predicated on res judicata must demonstrate (1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits." *Long*, 435 S.W.3d at 183 (citing *Lien v. Couch*, 993 S.W.2d 53, 56 (Tenn. Ct. App. 1998); *Lee v. Hall*, 790 S.W.2d 293, 294 (Tenn. Ct. App. 1990)). A trial court's decision regarding the application of res judicata presents a question of law which we review de novo without a presumption of correctness. *Id*. (citing *Jackson v. Smith*, 387 S.W.3d 486, 491–92 (Tenn. 2012); *In re Estate of Boote*, 198 S.W.3d 699, 719 (Tenn. Ct. App. 2005)).

*Napolitano*, 2017 WL 2265593, at *11.

Collateral estoppel is also a claim or issue preclusion doctrine that "promotes finality, conserves judicial resources, and prevents inconsistent decisions," by barring "the same parties or their privies from relitigating in a later proceeding legal or factual issues that were actually raised and necessarily determined in an earlier proceeding."

---

[2] The Court of Appeals may affirm a judgment on different grounds than those relied on by the trial court when the trial court reached the correct result. *Continental Cas. Co. v. Smith*, 720 S.W.2d 48, 50 (Tenn. 1986); *Allen v. National Bank of Newport*, 839 S.W.2d 763, 765 (Tenn. Ct. App. 1992); *Clark v. Metropolitan Gov't*, 827 S.W.2d 312, 317 (Tenn. Ct. App. 1991).

*Bowen ex rel. Doe v. Arnold*, 502 S.W.3d 102, 107 (Tenn. 2016) (quoting *Mullins v. State*, 294 S.W.3d 529, 534-35 (Tenn. 2009) (other citations omitted)). In determining whether collateral estoppel is appropriate to preclude an issue from being litigated, the following elements must be established:

> (1) that the issue to be precluded is identical to an issue decided in an earlier proceeding, (2) that the issue to be precluded was actually raised, litigated, and decided on the merits in the earlier proceeding, (3) that the judgment in the earlier proceeding has become final, (4) that the party against whom collateral estoppel is asserted was a party or is in privity with a party to the earlier proceeding, and (5) that the party against whom collateral estoppel is asserted had a full and fair opportunity in the earlier proceeding to contest the issue now sought to be precluded.

*Bowen*, 502 S.W.3d at 107 (quoting *Mullins*, 294 S.W.3d at 535).

For the reasons explained below, we have determined that all five of the collateral estoppel elements have been established; therefore, collateral estoppel precludes the claims asserted by Mr. Worsham in this action.

Of the five elements to be considered by this court in determining whether the doctrine of collateral estoppel applies in this case, Mr. Worsham only relies upon one, that being whether he had a full and fair opportunity to litigate the issue of notice in the action to quiet title. Nevertheless, we feel constrained to consider all five elements.

As for the first element, whether the issue is identical to an issue decided in an earlier proceeding, Mr. Worsham seeks to set aside the tax sale of his property as void *ab initio* on the basis that the trial court lacked personal jurisdiction over him before the property was sold at the 2008 delinquent tax sale. Essentially, he argues that Metro's notice of the tax sale was constitutionally inadequate because Metro failed to send notice of the tax sale to his home address. In the quiet title action Pabts brought against Mr. Worsham, we considered the identical issue and ruled in favor of Pabst. *Davidson Pabts, LLC*, 2015 WL 4115174, at \*6. As to the identical issue of notice, we stated:

> [Mr. Worsham] never argued that Metro did not attempt to send him notice at 1000 Cahal Avenue. Instead, he argued that his due process rights were violated when Metro failed to send notice of the tax sale to his home address. We are not persuaded by this argument because sending notice of a tax sale to the address the property owner has designated is "reasonably calculated" to apprise the property owner of the pending tax sale. Contrary to [Mr. Worsham's] contention, Metro was not required to take additional steps to notify [Mr. Worsham] unless it learned that an otherwise reasonably calculated attempt to notify [Mr. Worsham] had failed. [Mr.

Worsham] has not demonstrated that an attempt to notify him at 1000 Cahal Avenue failed.

*Id*. (internal citations omitted).

The second element to be considered is whether the issue of notice was actually raised, litigated, and decided on the merits in *Davidson Pabts, LLC*. *See Mullins*, 294 S.W.3d at 535, and we have determined that it was. An issue need not be subject to a full evidentiary and adversarial trial to be "actually litigated." *Id.* at 536. Rather, "[t]he requirement that an issue be 'actually litigated' is generally satisfied if the issue was properly raised by the proceedings or otherwise placed in issue and was actually determined in the prior proceeding." *Id.* Our review of *Davidson Pabts, LLC* convinces us that the issue of notice was raised, litigated, and decided on the merits. *Davidson Pabts, LLC*, 2015 WL 4115174, at *6; *see Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 262 (Tenn. 2015), *cert. denied*, 136 S. Ct. 2452, 195 L. Ed. 2d 265 (2016) ("When a court determines, consistent with the standards in Tennessee Rule 56, that no genuine issue of material fact exists and grants summary judgment, the case has been decided on the merits.").

As for the third element, whether the judgment in the earlier proceeding has become final, *Mullins*, 294 S.W.3d at 535, is established because our decision in *Davidson Pabts, LLC* became final when the Tennessee Supreme Court denied permission to appeal on September 17, 2015.

The fourth element, whether the party against whom collateral estoppel is asserted was a party or is in privity with a party to the earlier proceeding, *Mullins*, 294 S.W.3d at 535, is established by the fact that Mr. Worsham was a party to the litigation at issue in *Davidson Pabts, LLC*.

The fifth element for our consideration is whether Mr. Worsham, the party against whom collateral estoppel is invoked, had a "full and fair opportunity to litigate the issue now sought to be precluded." *Mullins*, 294 S.W.3d at 538. Mr. Worsham argues he was deprived of the full and fair opportunity to respond and present evidence in the summary judgment proceeding that he would have been afforded at a trial. Stated another way, he insists that he did not have a full and fair opportunity to litigate the issue of whether he received proper notice because the matter did not go to trial. We are not persuaded by this argument because the "full and fair opportunity to litigate" does not require a trial. All that is required is that the party against whom collateral estoppel is asserted was a party in an earlier proceeding involving the identical issue and "had notice of the claim and an opportunity to be heard." *Id*.

We have determined that the proceedings in *Davidson Pabts, LLC* provided Mr. Worsham with a full and fair opportunity to litigate his issue of proper notice. Mr.

Worsham filed an answer in Pabts's action to quiet title, in which Mr. Worsham challenged the validity of the tax sale on due process grounds. Thereafter, Pabts filed a properly supported motion for summary judgment demonstrating that it acquired title through an order confirming the tax sale, which shifted the burden of production to Mr. Worsham to establish that a genuine dispute of material fact exists that precludes summary judgment. Mr. Worsham was then provided the opportunity to set forth specific facts, not legal conclusions, by using affidavits or the discovery materials to create a genuine dispute of fact concerning whether he received proper notice of the 2008 tax sale, which fact was material to whether Pabts's title was void or valid. The trial court found in favor of Pabts, and Mr. Worsham then appealed to this court.

Given the presence of all of the necessary elements, the doctrine of collateral estoppel renders our determination in the action to quiet title that Metro provided constitutionally sufficient notice of the tax sale, *see Davidson Pabts, LLC*, 2015 WL 4115174, at *1, conclusive on the parties and their privies in subsequent litigation, even when the claims or causes of action are different. *Bowen*, 502 S.W.3d at 107.

For the foregoing reasons, we affirm the denial of Mr. Worsham's Rule 60.02(3) motion, albeit on different grounds than those relied upon by the trial court.

### IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Lucien Worsham.

 

 

 
_____
FRANK G. CLEMENT, JR., P.J., M.S.