IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 7, 2015

**IN RE MARTAVIOUS B. ET AL.**

**Appeal from the Juvenile Court for Montgomery County**
**Nos. 14JV1279, 14JV1280, 14JV1281, 14JV3466, 14JV3467, 14JV3468**
**Timothy K. Barnes, Judge**

_____

**No. M2015-01144-COA-R3-PT – Filed December 30, 2015**

_____

This appeal arises from the termination of Father's parental rights on two grounds, severe child abuse and persistence of conditions, and the finding that termination of his parental rights was in the best interests of his children. Father appeals the trial court's findings of persistence of conditions and that it was in the best interests of the children to terminate his parental rights; however, Father does not appeal the trial court's finding of severe child abuse. Because Father did not appeal the ground of severe child abuse, the trial court's finding on that ground is final. Only one statutory ground need be found for termination; therefore, the dispositive issue on appeal is whether the trial court erred in finding that it was in the best interests of the children to terminate Father's parental rights. The evidence in the record clearly and convincingly established that it was in the best interests of the children to terminate Father's parental rights. Accordingly, we affirm the termination of Father's parental rights.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed**

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which JOHN W. MCCLARTY and KENNY W. ARMSTRONG, JJ., joined.

Brian E. Price, Clarksville, Tennessee, for the appellant, Martavious B.

Herbert H. Slatery, III, Attorney General and Reporter; Rachel Erin Buckley, Assistant Attorney General, Nashville, Tennessee, for the appellee, Tennessee Department of Children's Services.

# OPINION

The three minor children who are the subject of these proceedings are the children of Martavious B. ("Father")[1] and Sherrita M. ("Mother"). The Department of Children's Services of Tennessee ("the Department") first became involved with this family on December 12, 2011, when it received a referral that the minor daughter, Amiya, had been sexually abused by Father when she was seven years old. By this time the parents were separated[2] and the Department left the children in Mother's sole custody with instructions for Mother to supervise any and all contact between the children and Father.

On July 19, 2013, the Department received a referral that Mother had passed away on July 14, 2013, and the children were living with Father, who had removed the children from Mother's residence immediately following her death. On July 22, 2013, the Department entered into an Immediate Protection Agreement with Father, by which the children would reside with their stepmother, Brittany L-B., and Father would only have supervised contact with the children.

On July 26, 2013, the Department filed a petition for dependency and neglect and for court ordered services. Following a preliminary hearing, the juvenile court found the children were dependent and neglected, made the Immediate Protection Agreement an order of the court, and ordered Father to complete a psychosexual evaluation.

The children were removed into state custody on September 13, 2013, when the Department received a report that Father was violating the court order. At the adjudicatory hearing on October 22, 2013, at which Father was represented by counsel, Father stipulated that the children were dependent and neglected. Further, based on Father's stipulation of the sex abuse allegations in the petition, the court found the children were victims of severe abuse pursuant to Tenn. Code Ann. § 37-1-129(a)(2).

Following a review hearing on December 10, 2013, and upon motion of the Department, the Department was relieved of the duty to exert reasonable efforts to reunify the children with Father. Further, the court ordered that there be no contact between Father and the children.

Thereafter, the Department filed the petition to terminate Father's parental rights on the grounds of severe child abuse and persistence of conditions. The trial was held on May 28, 2015. Maria Dabu, a Family Service Worker for the Department, testified that

---

[1] This court has a policy of protecting the identity of children in parental termination cases by initializing the last names of the parties.

[2] The parents separated in 2008 at which time Mother moved to North Carolina with the children. They returned to Tennessee in 2011. Thereafter, Father had visitation with the children.

she had been assigned the case since the children entered state custody. She testified that Father had not completed a psychosexual evaluation or participated in parenting classes as required. She also stated that Father was required to see a psychiatrist for additional services, that Father made one appointment at Centerstone,[3] he appeared for his appointment, but left before seeing a psychiatrist. She also explained that she had no involvement with Father after the Department was relieved of making reasonable reunification efforts.

Father testified that he made an appointment with Dr. Hebda, a psychologist, to complete the psychological assessment and Father attended one session. Dr. Hebda diagnosed him as having Post Traumatic Stress Disorder and attention deficit disorder, for which he prescribed Adderall and therapy at Centerstone. Father stated that he made one appointment at Centerstone and that he appeared for his appointment, but left without seeing anyone after waiting for over an hour. He never returned. As for the parenting classes, Father stated that he did not know how to go about completing the classes. Father testified that he began working construction earning $15 an hour the week before trial but prior to that he was unemployed and had no legal means of income.

The children's stepmother testified that Father provided all necessary support for the children before they were placed in state custody, that she did not have any concerns about his parenting, and she often saw Father hugging and kissing the children.

Father's grandmother testified that Father was actively involved in the children's lives before they were removed. She also stated that she often witnessed his interaction with the children, and that she had no concerns about Father being around the children. She said Father took the children to religious services and that it would be in the children's best interest for Father to remain in the children's lives.

At the conclusion of the trial, the court found that the Department had proven two grounds for termination of Father's parental rights, severe child abuse and persistence of conditions, and that termination was in the children's best interests. This appeal followed.

## ANALYSIS

Parents have a fundamental right to the care, custody and control of their children. *Stanley v. Illinois*, 405 U.S. 645, 651 (1972); *Hawk v. Hawk*, 855 S.W.2d 573, 577 (Tenn. 1993). This right is superior to the claims of other persons and the government, yet it is not absolute. *In re Heaven L.F*., 311 S.W.3d 435, 438 (Tenn. Ct. App. 2010); *In re S.L.A*., 223 S.W.3d 295, 299 (Tenn. Ct. App. 2006).

---

[3] Centerstone is a facility which provides a broad-spectrum of mental health and family services.

- 3 -

Parental rights may be terminated only where a statutorily defined ground exists. *In re Heaven L.F.*, 311 S.W.3d at 438; Tenn. Code Ann. § 36-1-113(c)(1). The petitioner has the burden of proving that a statutory ground for termination exists, such as abandonment or failing to remedy persistent conditions that led to the removal of the child. *In re Heaven L.F.*, 311 S.W.3d at 438; Tenn. Code Ann. § 36-1-113(c)(1). Only one ground need be proved, so long as that ground is proved by clear and convincing evidence. *In re Heaven L.F.*, 311 S.W.3d at 438 (citing *In re D.L.B.*, 118 S.W.3d 360, 367 (Tenn. 2003)). In addition to proving one of the grounds for termination, the petitioner must prove that termination of parental rights is in the child's best interest. *Id.*; Tenn. Code Ann. § 36-1-113(c)(2); *In re F.R.R.*, 193 S.W.3d 528, 530 (Tenn. 2006); *In re C.W.W.*, 37 S.W.3d 467, 475-76 (Tenn. Ct. App. 2000) (holding a court may terminate a parent's parental rights if it finds by clear and convincing evidence that one of the statutory grounds for termination of parental rights has been established and that the termination of such rights is in the best interests of the child). Therefore, a court may terminate a person's parental rights if (1) the existence of at least one statutory ground is proved by clear and convincing evidence and (2) it is clearly and convincingly established that termination of the parent's rights is in the best interest of the child. Tenn. Code Ann. § 36-1-113(c); *In re Adoption of A.M.H.*, 215 S.W.3d 793, 810 (Tenn. 2007); *In re Valentine*, 79 S.W.3d 539, 546 (Tenn. 2002).

Whether a statutory ground has been proved by the requisite standard of evidence is a question of law to be reviewed de novo with no presumption of correctness. *In re Heaven L.F.*, 311 S.W.3d at 438; *In re Adoption of A.M.H.*, 215 S.W.3d at 810.

Here, the juvenile court found two statutory grounds for terminating Father's parental rights: (1) severe child abuse;[4] and (2) persistent conditions.[5] Father appeals the

---

[4] Severe child abuse is one of the grounds identified in Tenn. Code Ann. § 36-1-113 for termination of parental rights. The statute reads in pertinent part:

> (4) The parent or guardian has been found to have committed severe child abuse as defined in § 37-1-102, under any prior order of a court or is found by the court hearing the petition to terminate parental rights or the petition for adoption to have committed severe child abuse against the child who is the subject of the petition or against any sibling or half-sibling of such child, or any other child residing temporarily or permanently in the home of such parent or guardian; . . .

Tenn. Code Ann. § 36-1-113(g)(4). The statute goes on to identify the ground of severe child sexual abuse as follows:

> The parent has been found to have committed severe child sexual abuse under any prior order of a criminal court; (ii) For the purposes of this section, "severe child sexual abuse" means the parent is convicted of any of the following offenses towards a child:

(continued…)

trial court's decision on only one of the two statutory grounds, leaving the court's finding of severe child abuse unchallenged on appeal. Because Father did not appeal the severe child abuse ground, the Department contends the trial court's finding on this ground is final, and this court need not examine the other ground for termination, only whether termination of Father's parental rights is in the children's best interests.

## I. GROUNDS FOR TERMINATION

A court may terminate a person's parental rights if the existence of at least one statutory ground is proved and that termination of the parent's rights is in the best interest of the child. Tenn. Code Ann. § 36-1-113(c); *In re Adoption of A.M.H.*, 215 S.W.3d at 810; *In re Valentine*, 79 S.W.3d at 546. Father has not challenged the ground of severe child abuse in this appeal; therefore, one statutory ground for termination has been established. *In re Heaven L.F.*, 311 S.W.3d at 440; *In re D.L.B.*, 118 S.W.3d at 367.

Whether this court must examine the additional grounds for termination when a parent fails to challenge all grounds for termination has been addressed in several recent cases. In *In re Carrington H.*, No. M2014-00453-COA-R3-PT, 2014 WL 5390572 (Tenn. Ct. App. Oct. 21, 2014), *perm. app. granted*, (Tenn. Jan. 28, 2015), we provided an in depth discussion of this specific issue. As we explained, courts generally address only the

---

> (a) Aggravated rape, pursuant to § 39-13-502; (b) Aggravated sexual battery, pursuant to § 39-13-504; (c) Aggravated sexual exploitation of a minor, pursuant to § 39-17-1004; (d) Especially aggravated sexual exploitation of a minor, pursuant to § 39-17-1005; (e) Incest, pursuant to § 39-15-302; (f) Rape, pursuant to § 39-13-503; or (g) Rape of a child, pursuant to § 39-13-522; . . .

Tenn. Code Ann. § 36-1-113(11)(A)(ii).

[5] Persistence of conditions is an additional ground identified in Tenn. Code Ann. § 36-1-113 for termination of parental rights. The statute reads in pertinent part:

> The child has been removed from the home of the parent or guardian by order of a court for a period of six (6) months and: (A) The conditions that led to the child's removal or other conditions that in all reasonable probability would cause the child to be subjected to further abuse or neglect and that, therefore, prevent the child's safe return to the care of the parent or parents or the guardian or guardians, still persist; (B) There is little likelihood that these conditions will be remedied at an early date so that the child can be safely returned to the parent or parents or the guardian or guardians in the near future; and; (C) The continuation of the parent or guardian and child relationship greatly diminishes the child's chances of early integration into a safe, stable and permanent home; . . .

Tenn. Code Ann. § 36-1-113(g)(3).

issues raised by the parties. *Id.* at \*4 (citing *Hodge v. Craig*, 382 S.W.3d 325, 334 (Tenn. 2012); Tenn. R. App. P. 13(b)). We further noted that:

> Party control over issue presentation is considered a defining characteristic of the American adversarial system. *See U.S. v. Burke*, 504 U.S. 229, 246, 112 S.Ct. 1867, 119 L.Ed.2d 34 (1992) (Scalia, J., dissenting). However, courts may sometimes engage in a sua sponte review of issues not raised by the parties on appeal. *See, e.g.*, *Singleton v. Wulff*, 428 U.S. 106, 121, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); *Blumberg Assocs. Worldwide, Inc. v. Brown & Brown of Conn.*, 311 Conn. 123, 84 A.3d 840, 855-69 (Conn. 2014); *Bell v. Todd*, 206 S.W.3d 86, 90-91 (Tenn. Ct. App. 2005); *Heatherly v. Merrimack Mut. Fire Ins. Co.*, 43 S.W.3d 911, 916 (Tenn. Ct. App. 2000). For example, our courts have considered justiciability issues even when parties have not presented such issues for review. *See, e.g.*, *Scales v. Winston*, 760 S.W.2d 952, 953 (Tenn. Ct. App. 1988) (jurisdiction); *Osborn v. Marr*, 127 S.W.3d 737, 740 (Tenn. 2004) (standing); *Hooker v. Haslam*, 437 S.W.3d 409, 433 (Tenn. 2014) (mootness). In addition to justiciability questions, Tennessee Rule of Appellate Procedure 13(b) recognizes that appellate courts may review issues not raised by the parties in certain circumstances:
>
>> Review generally will extend only to those issues presented for review. The appellate court shall also consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review, and may in its discretion consider other issues in order, among other reasons: (1) to prevent needless litigation; (2) to prevent injury to the interests of the public; and (3) to prevent prejudice to the judicial process.
>
> Tenn. R. App. P. 13(b). Despite possessing the discretion to review an issue not raised by the parties on appeal, "this discretion [should] be sparingly exercised." Tenn. R. App. P. 13(b) cmt.
>
> Yet, in the context of parental termination cases, on occasion we have reviewed all the grounds relied upon by the trial court to terminate parental rights, even if the parent did not appeal every ground. *See, e.g.*, *In re Anya G.*, No. E2013-02595-COA-R3-PT, 2014 WL 4233244 (Tenn. Ct. App. Aug. 27, 2014) (reviewing the ground of abandonment, although the mother did not appeal that ground); *In re Justin K.*, No. M2012-01779-COA-R3-PT, 2013 WL 1282009 (Tenn. Ct. App. Mar. 27, 2013) (examining whether termination was in the children's best interests due to the "gravity of the determination," even though the parent did not brief the

issue); *In re L.M. W.*, 275 S.W.3d 843 (Tenn. Ct. App. 2008) (discussing two grounds for termination despite Father's concession in his brief that the grounds were established); cf. *In re L.L.F.*, No. M2007-01656-COA-R3-PT, 2008 WL 555700 (Tenn. Ct. App. Feb. 29, 2008) (reviewing the statutory ground the mother appealed, but acknowledging that the mother did not appeal all grounds for termination). We are also mindful of our Supreme Court's instruction that we should review every ground relied upon by the trial court to terminate parental rights in order to prevent "unnecessary remands of cases." *In re Angela E.*, 303 S.W.3d 240, 251 n.14 (Tenn. 2010).

However, our Supreme Court's direction in *In re Angela E.*, 303 S.W.3d 240 (Tenn. 2010), does not mandate review of every ground for termination of parental rights relied upon by the trial court irrespective of whether an appeal is taken from every ground. *See, e.g., In re Kyla P.*, No. M2013-02205-COA-R3-PT, 2014 WL 4217412, at *3 (Tenn. Ct. App. Aug. 26, 2014) (addressing only whether termination was in the child's best interests where the father did not appeal any statutory grounds); *In re A.T.S.*, No. M2004-01904-COA-R3-PT, 2005 WL 229905, at *3 (Tenn. Ct. App. Jan. 28, 2005) (examining only whether termination was in the child's best interests where the mother did not appeal the statutory ground). The danger of "unnecessary remand" from the Supreme Court is largely eliminated where the issue cannot be raised by the parties in any future appeal. *See State v. West*, 19 S.W.3d 753, 756-57 (Tenn. 2000) (declining to examine a claim because it was not raised on direct appeal). In this situation, the trial court's determination that one statutory ground for termination is satisfied is final. Therefore, review of the alternative grounds becomes unnecessary because the outcome of such a review would not change the presence of at least one ground for terminating parental rights. Declining to undertake such a review honors the principle that courts review only those issues raised by parties and is in keeping with the requirements of Rule 13(b).

Here, the trial court's finding of Mother's incompetency is final because Mother failed to raise this issue on appeal. *Forbess v. Forbess*, 370 S.W.3d 347, 355 (Tenn. Ct. App. 2011) (citing *Newcomb v. Kohler Co.*, 222 S.W.3d 368, 401 (Tenn. Ct. App. 2006)); *In re Alexis L.*, 2014 WL 1778261, at *2. Because only one statutory ground is necessary for termination, we move directly to whether termination of Mother's parental rights is in the child's best interests.

*In re Carrington H.*, 2014 WL 5390572, at *4-5.

Under the reasoning stated above, only one statutory ground is necessary for termination of Father's parental rights. Therefore, because Father has not challenged the ground of severe child abuse in this appeal, it is not necessary for this court to determine whether the second ground of persistent conditions was established.[6]

## II. BEST INTERESTS OF THE CHILDREN

If one statutory ground for termination is proved by clear and convincing evidence, a parent's rights may be terminated if it is also determined that termination of the parent's rights is in the best interests of the children. *In re Heaven L.F.*, 311 S.W.3d at 440; *In re D.L.B.*, 118 S.W.3d at 367. In this case, Father insists the evidence did not clearly and convincingly demonstrate that it was in the children's best interests to terminate his parental rights.

The best interests of the children are to be determined from the perspective of the children rather than the parent; thus, we will focus our attention on what is best for the children, not Father. *In re Heaven L.F.*, 311 S.W.3d at 441; *In re Marr*, 194 S.W.3d 490, 499 (Tenn. Ct. App. 2005); *White v. Moody*, 171 S.W.3d 187, 194 (Tenn. Ct. App. 2004). Nine statutory factors are identified for the court to consider in making a best interest analysis; however, not every statutory factor applies to every case. *In re Carrington H.*, 2014 WL 5390572, at *5 (citing *In re William T. H.*, No. M2013-00448-COA-R3-PT, 2014 WL 644730, at *4 (Tenn. Ct. App. Feb. 18, 2014)).

One of the statutory factors to be considered is whether the parent has shown physical or sexual abuse toward the child, or another child or adult in the family or household. *See* Tenn. Code Ann. § 36-1-113(i)(6). Most significant to this factor is that in October 2013, with the advice of counsel, Father stipulated that he sexually abused Amiya and, in November 2014, the trial court entered the order finding that the children were victims of severe abuse by Father. This order has never been challenged.

In relation to the foregoing factor, another statutory factor to be considered is whether the parent's home is healthy and safe and whether there is criminal activity in the home. *See* Tenn. Code Ann. § 36-1-113(i)(7). The trial court found that, as recently as the week prior to trial, Father was again incarcerated and that he had been incarcerated for at least 60 days since the children were placed in foster care, that further charges are pending that may result in additional incarceration, and that he admitted to selling illegal drugs as a means to support his children when they resided with him.

---

[6] Although we are not required to examine whether a second ground for termination has been established, we have reviewed the record and conclude that the Department presented evidence that clearly and convincingly established the ground of persistent conditions under Tenn. Code Ann. § 36-1-113. Therefore, we affirm the trial court's ruling on the ground of persistent conditions.

Whether the parent has made such an adjustment of circumstance, conduct, or conditions as to make it safe and in the child's best interest to be in the home of the parent or guardian is another statutory factor the trial court considered. *See* Tenn. Code Ann. § 36-1-113(i)(1). The trial court determined that Father had "not made any adjustment of circumstances, conduct or conditions as to make it safe and in the children's best interest to return to his care, and that he made very little meaningful effort to make it safe for the children to return home." This is fully supported by the record for Father truly did nothing to remedy the conditions that existed following the removal of the children.

Additionally, whether the parent or guardian has maintained regular visitation or other contact with the child is a factor to be considered. *See* Tenn. Code Ann. § 36-1-113(i)(3). The trial court found that Father "failed to maintain regular visitation with the children . . . when he was allowed to do so," which was based, in part, on the testimony of Ms. Dabu. She stated that she called Father three or four times a month for the first three months the children were in foster care to arrange visits, that Father scheduled only one visit during these months, and Father then failed to participate in the visit. Significantly, Father did not contest these facts. For these and other reasons, the trial court concluded that Father failed to visit his children.

Another statutory factor that may be considered is the effect a change of caretakers and physical environment is likely to have on the child's emotional, psychological and medical condition. *See* Tenn. Code Ann. § 36-1-113(i)(5). The trial court found that the children are in a safe and loving foster home, they are happy, well adjusted, their needs are being met, and it has been over a year since they have asked for Father.

Based on these and other findings, the court determined that termination of Father's parental rights was in the children's best interests.

Here, the material facts relevant to the children's best interests are not in dispute. We conclude that these facts clearly and convincingly support the findings of the trial court and the conclusion that termination of Father's parental rights is in the children's best interests.

### IN CONCLUSION

To terminate the parental rights of a parent, a trial court must determine by clear and convincing evidence that at least one of the statutory grounds for termination exists and that termination is in the child's best interest. Tenn. Code Ann. § 36-1-113(c); *In re Heaven L.F.*, 311 S.W.3d at 440; *In re Valentine*, 79 S.W.3d at 546. In this case, both have been established by clear and convincing evidence. Therefore, we affirm the

termination of Father's parental rights, and this matter is remanded with costs of appeal assessed against Father.

_____
FRANK G. CLEMENT, JR., JUDGE